James Nursey Chief of Police Orlando
QUESTION:
Are the interception and recording of incoming telephone calls to a municipal police department on telephone lines equipped with an audible and operating `beep' tone device authorized under the provisions of ch. 934, F. S.?
SUMMARY:
The statutory exceptions set forth in the Security of Communications Act, ch. 934, F. S., do not authorize the blanket recording of all incoming wire communications or telephone calls; therefore, a municipal police department is not authorized by the provisions of ch. 934 governing wire communications to intercept and record all incoming telephone calls to that department, whether or not such telephone lines are equipped with an operating `beep' tone device.
While your inquiry refers to telephone conversations as `oral communications,' telephonic communications are `wire communication(s)' as that term is defined in and for the purposes of the Florida Security of Communications Act, ch. 934, F. S. Therefore, the use of an operating, audible `beep' tone device is not relevant to the issue raised by your inquiry. It is only with respect to `oral communication(s),' as that term is defined by s.934.02(2), that the expectation of privacy described in s.934.02(2) or the apprising of a person that his or her conversation is being recorded becomes relevant in the context of your inquiry. The only relevant inquiries with respect to the interception and recording of wire communications are whether such recording is specifically authorized by one of the exceptions provided in s. 934.03(2) or whether it is conducted pursuant to a properly issued court order as provided in s. 934.09. I am aware that AGO 076-195 is contrary in this regard. In that opinion this office stated that it was relevant whether a person using a telephone in a public building had a reasonable expectation of privacy. My own reading of ch. 934, especially the definitions provided for oral and wire communications, convinces me that such an inquiry is irrelevant when dealing strictly with wire communications. Therefore, to the extent that anything in AGO 076-195 conflicts or is inconsistent with this opinion, it is hereby superseded.
Chapter 934, F. S., the Security of Communications Act, was adopted in 1969 as ch. 69-17, Laws of Florida. As stated in the introductory legislative findings, in order to safeguard the privacy rights of innocent persons, the unconsented-to interception of wire or oral communications should be allowed only in narrowly circumscribed instances. To implement and effectuate this need, s. 934.03(1) provides that, unless specifically authorized by some provision of ch. 934, any person who willfully intercepts or attempts to intercept any wire or oral communication shall be guilty of a felony of the third degree. `Intercept' is defined as `the aural acquisition of the contents of any wire or
oral communication through the use of any electronic, mechanical, or other device.' [Section 934.02(3), F. S.; emphasis supplied.]
In s. 934.02(1) a `wire communication' is defined as
 any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception, furnished or operated by any person engaged as a common carrier in providing or operating such facilities for the transmission of intrastate, interstate, or foreign communications . . . . (Emphasis supplied.)
Chapter 934, F. S., makes no provision for the blanket recording of all incoming telephone calls on the police department's telephone lines as s. 934.03(1) would specifically require. The only exceptions granted by the statute which might be applicable to your situation are found in s. 934.03(2)(c), (d), and (g). Section 934.03(2)(c) permits a law enforcement officer to intercept a wire communication when he is a party to the communication or when one of the parties thereto has given prior consent to such interception and the purpose of the interception is to obtain evidence of a criminal act. However, your own characterization of these lines as emergency, complaint, and information lines strongly suggests that a substantial percentage of the incoming calls are concerned with subjects other than criminal acts. Consequently, the exception granted by paragraph (2)(c) is not broad enough to permit the blanket recording ofevery telephone call received on the police department's emergency, complaint, and information lines.
Section 934.03(2)(d), F. S., permits the interception of a wire communication when each of the parties to the conversation has consented prior to the interception. This implies that none of the parties to a telephone conversation may record that conversation without the prior consent of all the parties to the conversation unless it comes within the exception outlined above for the obtaining of evidence of criminal acts. See State v. News-Press Publishing Co., 338 So.2d 1313 (2 D.C.A. Fla., 1976).
Section 934.03(2)(g)1., F. S., permits the employees of an ambulance service, fire station, public utility, or any other entity with published emergency telephone numbers to intercept and record incoming wire communications. As you noted in your letter, in AGO 079-93 I concluded that a municipal police department is not an `other entity' within the meaning of subparagraph (2)(g)1. for the purpose of interception and recording incoming wire communications. Thus, this exception would not be applicable in the factual circumstances you mention in your letter.
Finally, s. 934.03(2)(g)2., F. S., permits an agency which is operating an emergency telephone number `911' system established pursuant to s. 365.171, F. S., to intercept and record incoming wire communications. As it does not appear that your department is operating such a `911' system, this exception is not applicable in the instant situation.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General